# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE NERIS MARQUEZ RIVERA<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>WALTER LEONEL GARCIA MARTINEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiffs,<br><br>v.<br><br>CAVIT OZTURK<br>d/b/a CAFÉ DIVAN<br>2818 27th Street N<br>Arlington, VA 22207<br><br>SERCAN OZTURK<br>d/b/a CAFÉ DIVAN<br>4730 33rd Street N<br>Arlington, VA 22207<br><br>    Defendants. | Civil Action No. _____ |

## **COMPLAINT**

### **Summary**

1. Plaintiffs were employed by Defendants at their D.C. restaurant, Café Divan.

2. Defendants paid Plaintiff Marquez Rivera an hourly rate below the D.C. minimum wage. They also did not pay him for all of the hours that Mr. Marquez Rivera worked.

3. Defendants paid Plaintiff Garcia Martinez a flat salary that denied him both minimum and overtime wages.

4. Plaintiffs bring this action to recover damages for Defendants' willful failure to pay minimum and overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code § 32-1001 *et seq.*;

5. Plaintiff Marquez Rivera brings this action to recover damages for Defendants' willful failure to pay him for all hours worked pursuant to the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

6. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because all the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

8. Plaintiff Jose Neris Marquez Rivera is an adult resident of the District of Columbia.

9. Plaintiff Walter Leonel Garcia Martinez is an adult resident of Virginia.

10. Defendant Cavit Ozturk is an adult resident of Virginia. He resides at 2818 27th Street N, Arlington, VA 22207. He owns Café Divan, and he exercises control over the operations of Café Divan — including its pay practices.

11. Defendant Sercan Ozturk is an adult resident of Virginia. He resides at 4730 33rd Street N, Arlington, VA 22207. He owns Café Divan, and he exercises control over the operations of Café Divan — including its pay practices.

12. Upon information and belief, Defendants Cavit Ozturk and Sercan Ozturk are father and son.

13.     Upon information and belief, Defendants operate their business, Café Divan, under their own names — without the use of a corporate entity.

### Factual Allegations Specific to Plaintiff Marquez Rivera

14.     Plaintiff Marquez Rivera worked at Café Divan, 1834 Wisconsin Avenue NW, Washington, DC 20007.

15.     Plaintiff Marquez Rivera worked at Café Divan from approximately January 17, 2017 through the present.

16.     Plaintiff Marquez Rivera worked as a kitchen hand.

17.     Plaintiff Marquez Rivera's job duties primarily consisted of preparing and grilling meat.

18.     Plaintiff Marquez Rivera typically and customarily worked 6 days per week.

19.     Plaintiff Marquez Rivera typically and customarily worked approximately 70 hours a week.

20.     Defendants paid Plaintiff Marquez Rivera by the hour.

21.     Defendants paid Plaintiff Marquez Rivera $8.00 per hour.

22.     Defendants paid Plaintiff Marques Rivera at an hourly rate below the D.C. minimum wage.

23.     Furthermore, Defendants did not pay Plaintiff Marquez Rivera overtime wages — or one and one-half times Plaintiff Marquez Rivera's regular hourly rate for hours worked in excess of 40 in a workweek. Rather, Defendants paid Plaintiff Marquez Rivera his regular rate across all hours worked.

24.     Finally, Defendants also regularly shaved time off the hours for which they paid Plaintiff Marquez Rivera.

25. For example, on May 15, 2017, Plaintiff Marquez Rivera worked for 12 hours and 16 minutes. However, Defendants only paid him for 12 hours of work. Plaintiff Marquez Rivera was paid nothing for the remaining 16 minutes.

26. Defendants owe Plaintiff Marquez Rivera approximately $10,548.58 in regular, minimum, and overtime wages.

### Factual Allegations Specific to Plaintiff Garcia Martinez

27. Plaintiff Garcia Martinez worked at Café Divan, 1834 Wisconsin Avenue NW, Washington, DC 20007.

28. Plaintiff Garcia Martinez worked at Café Divan from approximately 2013 through the present. However, he took a leave of brief absence from approximately May 2, 2016 through September 4, 2016.

29. Plaintiff Garcia Martinez worked as a busboy.

30. Plaintiff Garcia Martinez's job duties primarily consisted of bussing tables. However, he also cleaned bathrooms, washed windows, and worked as a dishwasher in the kitchen.

31. Plaintiff Garcia Martinez typically and customarily worked 6 days per week.

32. Plaintiff Garcia Martinez typically and customarily worked 75 hours per week.

33. Defendants paid Plaintiff Garcia Martinez through a combination of a daily salary and tips.

34. Defendants gave Plaintiff Garcia Martinez an average of $50.00 a day in tips.

35. Defendants paid Plaintiff Garcia Martinez the following daily salaries:

| Approximate Dates | Daily Salary |
| --- | --- |
| Jul. 15, 2014 - May 1, 2016 | $30.00 |
| Sep. 05, 2016 - Present | $40.00 |

36. Defendants paid Plaintiff Garcia Martinez the following effective hourly rates:

4

| Approximate Dates | Weekly Earnings | Weekly Hours | Effective Hourly Rate |
|---|---|---|---|
| Jul. 15, 2014 - May 1, 2016 | $480.00 | 75 | $6.40 |
| Sep. 05, 2016 - Present | $540.00 | 75 | $7.20 |

37. Defendants paid Plaintiff Garcia Martinez at an effective hourly rate below the federal and the D.C. minimum wage.

38. Furthermore, Defendants did not pay Plaintiff Garcia Martinez overtime wages — or one and one-half times Plaintiff Garcia Martinez's effective regular hourly rate for hours worked in excess of 40 in a workweek. Rather, Defendants paid Plaintiff Garcia Martinez the same effective regular hourly rate across all hours worked.

39. For Plaintiff Garcia Martinez's work in the three years preceding the filing of this Complaint, Defendants owe Plaintiff Garcia Martinez approximately $65,939.69 in minimum and overtime wages.

## Factual Allegations Common to All Plaintiffs

40. At all relevant times, Plaintiffs clocked in and out of work with a punch clock.

41. At all relevant times, Defendant Cavit Ozturk typically tendered Plaintiffs their pay. If Defendant Cavit Ozturk was absent, Defendant Sercan Ozturk tendered Plaintiffs their pay.

42. At all relevant times, Defendants paid Plaintiffs in cash.

43. At all relevant times, Defendants had the power to hire and fire plaintiffs. Defendant Cavit Ozturk personally hired Plaintiffs.

44. At all relevant times, Defendants controlled Plaintiffs' work schedule.

45. At all relevant times, Defendants required Plaintiffs to work more than 40 hours a week.

46. At all relevant times, Defendants supervised and controlled Plaintiffs' work.

47. At all relevant times, Defendants set Plaintiffs' rate and manner of pay.

5

48. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times Plaintiffs' regular rate for all hours worked in excess of 40 hours in any one workweek.

49. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable minimum wage.

50. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to Plaintiffs.

51. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

52. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

53. For example, Defendants had two or more employees who handled food and supplies that originated from outside of the District of Columbia.

## COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

54. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

55. Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

56. The FLSA requires employers to pay non-exempt employees a minimum wage of $7.25 per hour. 29 U.S.C. § 206.

57. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

58. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C.

§ 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

59.     Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times Plaintiffs' regular hourly rates for hours worked in excess of 40 hours in any one workweek.

60.     Defendants' violations of the FLSA were willful.

61.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

62.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

63.     Each defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

64.     The DCMWA required that employers pay non-exempt employees at least $8.25 per hour from 2010 through June 30, 2014, $9.50 per hour from July 1, 2014 through June 30, 2015, $10.50 per hour from July 1, 2015 through June 30, 2016, $11.50 per hour from July 1, 2016 through June 30, 2017, and $12.50 per hour from July 1,2017 through the present. D.C. Code § 32-1003(a).

65.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

66.     Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to one or more Plaintiffs.

7

67. Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times Plaintiffs' regular hourly rates for hours worked in excess of 40 hours in any one workweek.

68. Defendants' violations of the DCMWA were willful.

69. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

70. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

71. Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

72. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

73. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

74. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff Marquez Rivera for all time that he worked.

75. Defendants' violations of the DCWPCL were willful.

76. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated

damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$315,543.38**, and grant the following relief:

    a.    Award Plaintiffs $305,953.08, consisting of the following overlapping elements:

        i.    unpaid federal overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid District of Columbia minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

        iii.    unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b.    Award Plaintiffs pre-judgment and post-judgment interest as permitted by law.

    c.    Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the D.C. Code §§ 32-1012(a) and 32-1308(b)(1) (as of this date, approximately $9,190.30);

    d.    Award Plaintiffs court costs (currently, $400.00); and

    e.    Award any additional relief the Court deems just.

Date: July 24, 2017                                            Respectfully submitted,

                                                               /s/ Justin Zelikovitz, Esq.
                                                               Justin Zelikovitz, #986001
                                                               DCWAGELAW
                                                               519 H Street NW
                                                               Washington, DC 20001
                                                               Phone: (202) 803-6083
                                                               Fax: (202) 683-6102
                                                               justin@dcwagelaw.com

                                                               *Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

                                                               /s/ Justin Zelikovitz, Esq.